**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re                                            :
                                                 :        **Chapter 11 Case No.**
**ACTERNA CORPORATION, <u>et</u> <u>al.</u>,**   :        **03-12387 (BRL)**
                                                 :
                                                 :        **(Jointly Administered**)
                  Debtors.                       :
------------------------------------------------------------x

### ORDER PURSUANT TO SECTIONS 363(b) AND 105(a) OF THE BANKRUPTCY CODE FOR AUTHORIZATION TO CONTINUE <u>THEIR KEY EMPLOYEE RETENTION AND SEVERANCE PLAN</u>

Upon the motion dated June 27, 2003 (the "<u>Motion</u>") of Acterna Corporation and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "<u>Debtors</u>"), for an order pursuant to sections 363(b) and 105(a) of Title 11 of the United States Code (the "<u>Bankruptcy Code</u>") for authorization to continue their Key Employee Retention and Severance Plan (the "<u>KERP</u>") for the benefit of certain critical employees (the "<u>Key Employees</u>"), as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated July 19, 1984 (Ward, Acting C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Office of the United States Trustee for the Southern District of New York, the attorneys for the Debtors' prepetition and postpetition lenders, the attorneys for the statutory committee of unsecured creditors, and all other entities entitled to receive notice pursuant to this Court's Order dated May 6,

2003 establishing certain notice procedures in these chapter 11 cases, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Debtors and their estates and creditors; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the Motion is granted in its entirety; and it is further

ORDERED that, pursuant to sections 363(b) and 105(a) of the Bankruptcy Code, the KERP is hereby approved and ratified in all respects; and it is further

ORDERED that the Debtors are hereby authorized to execute, deliver implement and fully perform any and all instruments and documents and to take any and all actions necessary or appropriate to implement and effectuate the KERP, including, without limitation, making the payments thereunder (subject to the availability of cash collateral under the final order approving postpetition financing (the "Final DIP Order")); and it is further

ORDERED that Key Employees, including the CEO and CFO, shall not be required to disgorge any retention payments previously paid to such employees, including the retention payments made on December 15, 2002 and April 15, 2003, respectively, and such payments may not be avoided by the Debtors, or any other party, under any provision of chapter 5 of title 11 of the United States Code, except as provided

for in the KERP, provided, however that this shall not constitute a waiver of any other claims the Debtors may have against any Key Employees; and it is further

ORDERED that nothing in this Order shall be deemed to modify or waive any of the terms of the Final DIP Order, or the rights of the prepetition lenders or postpetition lenders thereunder; and it is further

ORDERED that nothing in this Order nor any actions taken by the Debtors in the implementation thereof shall constitute the assumption of any executory contract pursuant to section 365 of the Bankruptcy Code; and it is further

ORDERED that the requirement pursuant to Local Rule 9013-1(b) that the Debtors file a memorandum of law in support of the Motion is hereby waived.

Dated: July 22, 2003
      New York, New York

/s/Burton R. Lifland_____
HONORABLE BURTON R. LIFLAND
UNITED STATES BANKRUPTCY JUDGE